UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, | No. 2:18-cv-0504 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY JAIL, et al., | |
| Defendants. | |

On June 14, 2018, this action was dismissed without prejudice and judgment was entered. ECF Nos. 6, 7. On June 29, 2018, plaintiff filed a motion to re-open the case and untimely objections to the Magistrate Judge's May 21, 2018 findings and recommendations. ECF Nos. 9, 10. Plaintiff's objections are untimely due to his own failure to keep the court apprised of his current address, as reflected by the five entries on the court's docket recording mail returned as undeliverable prior to plaintiff's fling a notice of change of address. Accordingly, they will be construed as a motion for reconsideration or relief from judgment in conjunction with his motion to re-open the case.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the

1

time provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Since plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

On May 21, 2018, the magistrate judge filed findings and recommendations recommending that the case be dismissed because plaintiff had failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. ECF No. 5. The record shows that at that time, all mail that the court had attempted to send to plaintiff at the San Joaquin County Jail had been returned as undeliverable and it had been over sixty-three days since the first such document had been returned. Plaintiff was given fourteen days from the filing of the findings and recommendations to file any objections. ECF No. 5. The findings and recommendations were again served on plaintiff at the San Joaquin County Jail, the only address the court had received from plaintiff, and again the documents were returned as undeliverable. On June 14, 2018, the magistrate judge's findings and recommendations were adopted in full. ECF No. 6. The order and judgment were served on plaintiff at San Joaquin County Jail, and were also returned as undeliverable.

Plaintiff was provided more than sufficient time to comply with the requirement that he keep his mailing address up-to-date, but failed to do so. It was plaintiff's responsibility to keep the court up-to-date on his address and he has failed to adequately explain his failure to do so. The complaint was dismissed without prejudice, which means that plaintiff is free to re-file.

Plaintiff's claim that the case should be re-opened because he did not receive the findings and recommendations as a result of his failure to update his address of record does not meet the requirements for granting a motion for reconsideration or warrant a different outcome.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 29, 2018 motion for reconsideration (ECF Nos. 9, 10) is denied.

DATED: August 13, 2018.

_____
UNITED STATES DISTRICT JUDGE